991 F.2d 811
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The BOEING COMPANY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 Nos. 92-5129, 92-5131.
 United States Court of Appeals, Federal Circuit.
 March 19, 1993.
Rehearing Denied June 1, 1993.
 
 Before NIES, Chief Judge, BENNETT, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 NIES, Chief Judge.
 
 
 1
 The Boeing Company appeals from two judgments of the United States Court of Federal Claims (Claims Court), each granting the Government's motion to dismiss Boeing's complaints for lack of jurisdiction under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 and 28 U.S.C. § 1491(a)(2) (1988). The judgments below are reversed-in-part, vacated and the cases are remanded for further proceedings with instructions.
 
 Background
 
 2
 This appeal concerns one of several government contracts awarded in connection with the Peace Shield Program. The Peace Shield contracts, which were administered by the United States Department of the Air Force, although financed by and performed for the benefit of the Kingdom of Saudi Arabia, called for the design, development, and installation of an air defense and military command, control, and communication system. On February 25, 1985, the Air Force awarded the Boeing Company Contract No. F19628-85-C-0046, relating to the Program's "Prime Mission Equipment" or "PME," as a fixed-price contract in the amount of $847,662,334.
 
 
 3
 Numerous delays and price increases attended the performance of the Peace Shield Program contracts. After disputes arose over the source of these difficulties, the Air Force terminated nearly all performance under the PME contract for Boeing's alleged default on January 10, 1991.
 
 Boeing I
 
 4
 Since April 11, 1991, Boeing has been attempting to have the propriety of the government's termination for default adjudicated in the Claims Court. The Claims Court granted the government's motion to dismiss the entirety of the complaint--which contained a number of counts*--for lack of jurisdiction, Boeing Co. v. United States, 25 Cl.Ct. 441 (1992) (Robinson, J.) (Boeing I ). The parties agreed that the Federal Courts Administration Act, § 907, Pub.L. No. 102-572, 106 Stat. 4506 (to be codified at 28 U.S.C. § 1491(a)(2)), changed the jurisdictional issue and suggested we no longer need to decide whether or not the contracting officer issued a final decision on the government's monetary demand. However, neither suggested what disposition would be appropriate by reason of the change in the law or how that change affected jurisdiction over the government's monetary demand. Having considered the matter further, we conclude that the issue of finality is not moot but must be resolved in order to bring the government's pending monetary claim into the suit. Further, we conclude that the inconsistencies in the demand letter must be resolved in this case in favor of finality. Specifically, we reject the government's arguments that the bare denial of finality in the letter controls and that its concurrently-made demand for interest should not be considered as relevant to finality. We hold the demand was final.
 
 
 5
 During the pendency of Boeing I, Boeing submitted certified claims for damages, a delay-disruption claim and a termination for convenience claim to the contracting officer. After 60 days, the contracting officer had not rendered a decision on these claims. Treating the claims as "deemed denied" under 41 U.S.C. § 605(c)(5) (1988), Boeing sought first to add these claims to its complaint in Boeing I. The proferred amended complaint was denied on the grounds that a complaint over which the court had no jurisdiction could not be amended. That basis for denial of amendments of the complaint is no longer viable.
 
 Boeing II
 
 6
 Before denial of its motion to amend, Boeing filed a second complaint with counts identical to those of the amendment. On June 3, 1992, the Claims Court (Bruggink, J.) granted the Government's motion to dismiss for lack of jurisdiction. Boeing Co. v. United States, 26 Cl.Ct. 529 (1992) (Boeing II ). The court reasoned that because "[t]here never was a time when the contracting officer had certified claims before her which were not also the subject of a pending [Claims Court] suit," Boeing could not rely upon the "deemed denied" provision of section 605(c)(5) (1988). 26 Cl.Ct. at 537. This result followed, according to the court, from the exclusive control of the Department of Justice over negotiation, compromise, and litigation strategy as the court interpreted 28 U.S.C. § 516 (1988)** and the court's conclusion that these claims raised the same issues being argued by the Justice Department in Boeing I. 26 Cl.Ct. at 536.
 
 
 7
 We do not agree that 28 U.S.C. § 516 precludes the operation of 41 U.S.C. § 605(c)(5). While there may be some instances where pursuing agency action would be essentially duplicative or disruptive of a matter already in court which is being handled by the Attorney General, that is not this case. The Justice Department could neither approve nor disapprove the certified claims submitted to the contracting officer by Boeing; only the contracting officer had that authority. Further, Boeing's action in presenting its claims to the contracting officer is not duplicative but necessary.
 
 
 8
 It is one of the peculiarities of government contract law that various disputes respecting rights and performance under a particular contract can be litigated in separate suits. While separate suits are permitted by statute, it is absurd to create a procedural maze and, indeed, a procedural block so that one phase of the overall dispute must be held up because a closely related phase is already in court. Yet under the government's theory, Boeing could not even submit a claim to the contracting officer seeking conversion of its termination for default to one for the convenience of the government until litigation was complete on the default termination claim already before the court. To avoid this stagnation, per the government, Boeing could have appealed the default termination decision to the Board where litigation is not handled by the Department of Justice; the contracting officer would then not have been barred from acting on Boeing's certified claims; Boeing could then have taken any adverse rulings on those claims to the Claims Court; and finally, the Claims Court could then have ordered consolidation before that court of the two proceedings, as authorized under 41 U.S.C. § 60 (1988). This argument respecting procedural hoops merely confirms our view that there is no substantive reason for adopting the government's position respecting 28 U.S.C. § 516. Boeing presented certified claims to the contracting officer which were deemed denied after 60 days as provided under 41 U.S.C. § 605. There is no conflict here in application of those statutes.
 
 
 9
 In sum, we see no procedural or substantive reason to hold up resolution of these additional supplemental claims at this time.
 
 Conclusion
 
 10
 Upon consideration of the above matters, we vacate the judgment in Appeal No. 92-5129; reverse and vacate the judgment in Appeal No. 92-5131; and remand with the following directions:
 
 
 11
 (1) the complaint of Appeal No. 92-5129 must be reinstated with respect to the government's claim for termination for default including the amount of damages;
 
 
 12
 (2) the motion to substitute an amended complaint filed January 7, 1992, must be granted and further motions to amend may be allowed if appropriate; and
 
 
 13
 (3) the complaint in Appeal No. 92-5131 may thereafter be dismissed as duplicative.
 
 
 14
 The cases are remanded for entry of appropriate orders and for further proceedings consistent herewith.
 
 Costs
 
 15
 Each party to bear their own costs.
 
 
 
 *
 This appeal relates only to the government's claim for default termination and damages. The dismissal of other counts is not appealed
 
 
 **
 28 U.S.C. § 516 (1988) provides:
 "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, an securing evidence therefor, is reserved to officers of the Department of Justice under the direction of the Attorney General."
 92-5129, -5131